**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-6135**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO LAMONT LIGHTFOOT,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CR-99-409-PJM; CA-02-2836-PJM)

———————

Submitted: April 14, 2005          Decided: April 21, 2005

———————

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Antonio Lamont Lightfoot, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antonio Lamont Lightfoot seeks to appeal the district court's order dismissing as successive his Fed. R. Civ. P. 60(b) motion seeking reconsideration of the court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369-70 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Lightfoot has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Lightfoot's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 540 U.S. 995

(2003).  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.  28 U.S.C. §§ 2244(b)(2), 2255 (2000).  Lightfoot's claims do not satisfy either of these conditions.  Therefore, we deny authorization to file a successive § 2255 motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED